United States District Court
Southern District of Texas
**ENTERED**
March 27, 2025
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

THE OFFICIAL COMMITTEE OF EQUITY SECURITIES HOLDERS, §
§
§
Appellant, § CIVIL ACTION NO. H-24-00031
v. §
§ BANKRUPTCY CASE NO. 23-90085
SORRENTO THERAPEUTICS, INC., *et al.*, and ELIZABETH C. FREEMAN, § (CML)
§
§
Appellee §
§

IN RE: SORRENTO THERAPEUTICS, Inc., *et al.*,

Debtors

**MEMORANDUM AND OPINION**

This bankruptcy appeal is one of many cases arising out of the relationship between Elizabeth Freeman, a bankruptcy lawyer, and former bankruptcy judge David R. Jones. The Official Committee of Equity Securities Holders ("the Committee") appeals from the bankruptcy court's December 18, 2023, order denying its motion for discovery under Rule 2004 of the Federal Rules of Bankruptcy Procedure. The Committee sought an order from the bankruptcy court authorizing the Committee to conduct discovery into Elizabeth Freeman's involvement in the underlying Chapter 11 bankruptcy. Judge Lopez held a hearing on the Committee's motion and denied it, finding that the discovery requests were neither relevant nor necessary. The Committee argues that the bankruptcy court erred because the Committee was prejudiced by Ms. Freeman's brief involvement as conflicts counsel in Sorrento's Chapter 11 case while Judge Jones was the presiding judge.

The debtor[1] in the Chapter 11 case, Sorrento Therapeutics, seeks to dismiss the appeal, arguing that: (1) the Committee lacks standing to pursue the appeal because the Committee dissolved upon the effective date of Sorrento's Chapter 11 bankruptcy plan; (2) the court lacks jurisdiction over the appeal because the Order was not a final order; and (3) the bankruptcy court did not abuse its discretion in denying the Rule 2004 discovery motion. Based on the record and the applicable law, this court dismisses the appeal from the bankruptcy court's December 18, 2023, order for lack of jurisdiction.

## I. Background

The Committee's brief recites the facts and timeline, which the court recounts briefly here. On March 14, 2023, Sorrento filed an application to retain Latham & Watkins LLP as co-counsel to Sorrento, which the court approved on April 13. (Docket Entry No. 5 at 11). Sorrento filed an application to retain Jackson Walker as co-counsel and conflicts counsel on March 15, 2023, which the bankruptcy court approved on April 27. (Docket Entry No. 5 at 12; Docket Entry No. 2-3 at 218, 293). Jackson Walker's engagement letter stated that it might engage outside counsel to serve as special conflicts counsel if the need arose. (Docket Entry No. 5 at 12; Docket Entry No. 2-3 at 231). The letter stated that "[a]t this time, the Firm strongly recommends the engagement of the Law Office of Liz Freeman as Conflicts Counsel." (Docket Entry No. 2-3 at 231).

Sorrento filed under Chapter 11 on February 13, 2023, and the Chapter 11 cases were assigned to Judge Jones. (Docket Entry No. 5 at 7). On March 30, 2023, the bankruptcy court entered an agreed order directing the United States Trustee to appoint an official committee of

[1] This appeal involves two debtors, Sorrento Therapeutics, Inc. ("Sorrento") and Scintilla Pharmaceuticals, Inc. ("Scintilla"). Because Sorrento is the parent company of Scintilla, the court refers to the debtors jointly as "Sorrento." (See Docket Entry No. 9 at 2).

equity holders. (Docket Entry No. 5 at 7). On April 10, 2023, the U.S. Trustee appointed the Committee, which reconstituted on April 14, 2023. (*Id.*). Latham's fee statements show that its attorneys, as well as Jackson Walker attorneys, communicated with Ms. Freeman between February 13, 2023, and April 18, 2023, on matters involving key events in the Chapter 11 cases. (*Id.* at 14-15).

On October 13, 2023, the Fifth Circuit announced an ethics investigation into Judge Jones's conduct on cases in which Ms. Freeman, with whom he had an ongoing intimate relationship, appeared or performed services. (*Id.* at 9; *see also* Docket Entry No. 2-2 at 8). On the same day, Judge Jones announced that he would step back from hearing complex Chapter 11 cases. (Docket Entry No. 5 at 9). This case was reassigned to Judge Christopher M. Lopez. (*Id.*).

On November 9, 2023, the Committee informed Latham that it was objecting to the September 2023 fees based on alleged misconduct in the bankruptcy case. (Docket Entry No. 5 at 17; Docket Entry No. 6-2 at 226:7-12). The Committee based its allegations on Ms. Freeman's work on the case while in a relationship with Judge Jones. (*Id.*). On November 10, 2023, the Committee served Sorrento with its "First Request for the Production of Documents from the Official Committee of Equity Securities Holders to Debtors." (Docket Entry No. 5 at 5-6; Docket Entry No. 2-5 at 222). These requests sought the following discovery:

**DOCUMENT REQUESTS**

1. All Documents and Communications between You and the Debtors' Advisors.

2. All Documents and Communications relating to Your role in the Chapter 11 Cases.

3. All Documents and Communications identifying any conflicts of Latham & Watkins LLP and Jackson Walker LLP that would require Your retention.

4. All Documents and Communications concerning any personal relationships between You and the Debtors' Advisors.

5. All Communications between You and Judge David R. Jones concerning the Debtors or the Chapter 11 Cases.

6. All Communications between You and any Person concerning the Chapter 11 Cases.

(*See* Docket Entry No. 2-5 at 230).

The Committee served the same document requests on Ms. Freeman, as well as an additional request for all communications between Ms. Freeman and Judge Jones about Sorrento or the underlying Chapter 11 cases. (Docket Entry No. 5 at 18). On November 13, 2023, Sorrento filed a "Motion for Protective Order Regarding First Request for the Production of Documents from the Official Committee of Equity Securities Holders to Debtors," asking the court to relieve it from responding to the document requests. (Docket Entry No. 5 at 5-6; Docket Entry No. 2-3 at 166; Docket Entry No. 2-5 at 211). Ms. Freeman joined in this motion. (Docket Entry No. 2-5 at 255). The Committee objected to Sorrento's motion for protective order and filed an "Emergency Motion for Entry of an Order Authorizing and Directing Discovery from the Debtors Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure." (Docket Entry No. 5 at 5-6; Docket Entry No. 6 at 52). The Committee's emergency motion asked the bankruptcy court to authorize it to conduct a Rule 2004 examination and to require Sorrento and Ms. Freeman to produce the

documents and communications the Committee requested. (Docket Entry No. 5 at 6; Docket Entry No. 6 at 52).

The bankruptcy court held a hearing and denied the Rule 2004 motion for the "reasons stated on the record." (Docket Entry No. 6-2 at 213, 214). Those reasons were that the Committee had failed to show that the discovery it sought was relevant or necessary. (*See* Docket Entry No. 6-2 at 262:5-13). This appeal followed. (Docket Entry No. 1).

**II. Analysis**

Under 28 U.S.C. § 158(a)(1), this court has jurisdiction to hear appeals from a bankruptcy court's final judgments and orders. This court reviews a bankruptcy court's findings of fact for clear error and issues of law de novo. *See Matter of Terrebonne Fuel & Lube, Inc.*, 108 F.3d 609, 613 (5th Cir. 1997) (per curiam). An abuse of discretion occurs when the court's "ruling is based on an erroneous view of the law or a clearly erroneous assessment of the evidence." *In re Sealed Appellant*, 194 F.3d 666, 670 (5th Cir. 1999).

Federal Rule of Bankruptcy Procedure 2004 allows the court to order "the examination of any entity" for discovery. While Rule 2004 is broad, the court's inquiry is generally limited to "the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge," and in certain other proceedings to "the operation of any business and the desirability of its continuance, the source of any money or property acquired or to be acquired by the debtor for purposes of consummating a plan and the consideration given or offered therefor, and any other matter relevant to the case or to the formulation of a plan." FED. R. BANKR. P. 2004.

A federal district court has jurisdiction to hear appeals—and an aggrieved litigant may appeal as of right—from the "final judgments, orders, and decrees" of a bankruptcy court. 28

U.S.C. § 158(a)(1). Sorrento asserts that the court does not have jurisdiction to hear the Committee's appeal because the bankruptcy court's order is non-final and interlocutory. (Docket Entry No. 9 at 19). Sorrento argues that the Committee's request for discovery under Rule 2004 was "simply a preliminary step in the case, seeking information for possible later use … [t]hat is not a final judgment." (*Id.* at 20).

Sorrento also asserts that the Order was not final because the court stated in the hearing that the Committee was "always free to come back [to court] if they feel like they need to" further assert the need for discovery under Rule 2004. (*Id.*; Designation at 2517). Sorrento cites Fifth Circuit precedent for the proposition that when a discovery motion is denied without prejudice and with the express recognition that the movant could move to compel the discovery in the future, the bankruptcy court's order is not final. *See La Tierra Interiors, Inc. v. Wash. Fed. Savings (In re Tullius),* 500 Fed. Appx. 286, 290 (5th Cir. 2012). (*Id.*). Sorrento argues that only the final confirmation order would have been appealable, and that the Committee's failure to appeal the confirmation order "cannot transform an interlocutory order into a final one." (*Id.* at 21).

The Committee counters that the order was final because it "wholly closed the door" to the Committee's access to discovery into Judge Jones's and Ms. Freeman's relationship, which the Committee sought to determine whether to object to the debtors' attorneys' fees application. (Docket Entry No. 7 at 13). The Committee asserts that the Order "conclusively terminated the Equity Committee's fee investigation before it even left the starting gate." (*Id.*).

"A bankruptcy case need not be appealed as a single judicial unit at the end of the entire bankruptcy proceeding; rather, an order must constitute either a final determination of the rights of the parties to secure the relief they seek, or a final disposition of a discrete dispute within the larger bankruptcy case for the order to be considered final." *In re Tullius,* 500 Fed. Appx. at 290

(quotation marks and quoting reference omitted). "The conclusion of a discrete judicial unit in the larger case, rather than the conclusion of the entire litigation, results in a final appealable order." *Tax Ease Funding, L.P. v. Thompson (In re Kizzee-Jordan)*, 626 F.3d 239, 242 (5th Cir. 2010) (internal quotation marks omitted). "In the bankruptcy context, however, the relevant 'judicial unit' for application of the finality rule is not the overall bankruptcy case, but rather the particular adversary proceeding or discrete controversy pursued within the broader framework cast by the petition." *Strong v. W. United Life Assurance Co. (In re Tri-Valley Distrib., Inc.)*, 533 F.3d 1209, 1213-14 (10th Cir. 2008) (per curiam) (internal quotation marks omitted); *see also Stansbury v. Holloway (In re Holloway)*, 370 F. App'x 490, 492 (5th Cir. 2010) (per curiam) ("Finality in bankruptcy cases is contingent upon the conclusion of an adversarial proceeding within the bankruptcy case, rather than the conclusion of the entire litigation.") (quoting *England v. FDIC (In re England)*, 975 F.2d 1168, 1172 (5th Cir. 1992))). "Notwithstanding this more flexible approach to finality in bankruptcy appeals, federal courts have concluded overwhelmingly that a bankruptcy court's discovery orders are interlocutory decisions from which an appeal to the district court does not lie as a matter of right." *In re Tullius,* 500 Fed. Appx. at 290 (collecting cases).

The parties dispute the applicability of the Fifth Circuit's decision in *In re Tullius,* 500 Fed. Appx. at 289-290. In that case, the Fifth Circuit considered whether the bankruptcy court's order denying a motion to compel a Rule 2004 examination was final or interlocutory. The court found that despite the appellant's attempts to frame the discovery orders as "final adverse determinations of its substantive rights to the desired discovery," the orders were "but a preliminary step in a larger phase of the instant bankruptcy proceeding, a means of acquiring information for possible later use" and thus non-final. *Id.* The court also noted that because the motion to compel was denied without prejudice, "at the time [the appellant] appealed to the district court, [the appellant]

had not reached the end of the road; it had merely been forced down a less desirable path." *Id.* at 290.

The Committee asserts that *In re Tullius* is inapplicable because that case dealt only with the Fifth Circuit's jurisdiction over bankruptcy appeals, and not the jurisdiction of the district court to review an appeal from an interlocutory bankruptcy court order. (Docket Entry No. 13 at 8-9). The court disagrees with this characterization of the case. In determining whether it had jurisdiction, the Fifth Circuit in *In re Tullius* first considered whether the district court had jurisdiction over the appeal from the bankruptcy court: "Courts of appeals, however, have jurisdiction over appeals from a district court's final decisions only. Although it is the finality of the district court's order that ultimately determines our jurisdiction, in this case, we must consider the finality of the underlying bankruptcy court orders at issue. This is because a district court's decision generally will be final under § 158(d)(1) only when the bankruptcy court's order was similarly final under § 158(a)(1)." *In re Tullius,* 500 Fed. Appx. at 288. The finality of the bankruptcy court's order was the lynchpin of its, and the district court's, ability to hear the appeal.

Without citation to authority, the Committee also argues that *In re Tullius* is distinguishable for the following reasons: (1) here, the Order resolved all issues pertaining to the discovery process as pursued through the Rule 2004 motion; (2) unlike the appellant in *In re Tullius*, who received a discovery production pursuant to its Rule 2004 examination after the bankruptcy court partially granted its motion, the Committee was deprived of documents or information relevant to its investigation; (3) in *In re Tullius,* the bankruptcy court confirmed the debtor's plan after the appellant had appealed a discovery order, so the order confirming the plan was itself a final appealable order, while here, the bankruptcy court confirmed the debtors' Chapter 11 plan a month

before considering the Rule 2004 motion. The Committee asserts that in light of these distinctions, the court should deem the order final for the purpose of this appeal. (Docket Entry No. 13 at 9).

The court disagrees. *In re Tullius* establishes that for a bankruptcy order to be final, it must "constitute *either* a final determination of the parties' rights to secure the relief they seek, *or* a final disposition of a discrete dispute within the larger bankruptcy case for the order to be considered final." 500 Fed. Appx. at 290 (emphasis added). The order did neither. The bankruptcy court dismissed the Rule 2004 motion without prejudice, permitting the parties to revisit the issue of whether the discovery that the Committee sought was necessary or relevant at a later date. (*See* Docket Entry No. 6-2 at 268:18-20) ("We know what we know now. If anything changes, somebody'll file asking for stuff. But that's where we are today, folks.") (*See also, id.* at 269:17-18) ("But [the parties] are always free to come back if they feel like they need to."). Federal courts considering this issue have consistently held that an order granting or denying Rule 2004 discovery does not "resolve[] a discrete dispute" and is "only a discovery order for information that will allow both sides to present evidence in the dispute." *In re Dental Profile, Inc.*, 2010 WL 431590 (N.D. Ill. Feb. 1, 2010); *see also In re Midwest Video Games, Inc.*, 1998 WL 395152, at *2 (N.D. Ill. July 9, 1998) ("The court finds that resolution of the parties' dispute concerning the scope of [Rule 2004] discovery fails to present a controlling question of law, as resolution of this discovery matter is not likely to be dispositive of any of the material issues in this case.") (quoting reference omitted). The order was not a final order for the purpose of appellate jurisdiction.

The Committee did not file a motion for leave to appeal the bankruptcy court's order. Rather, in its reply brief, it asks for the first time that the court treat its notice of appeal as a motion for leave to appeal under 28 U.S.C. § 158(a)(3). (Docket Entry No. 13 at 9). A district court, in its discretion, may grant leave to hear an interlocutory appeal from the bankruptcy court. *In re*

*Ichinose*, 946 F.2d 1169, 1176-77 (5th Cir. 1991). Most district courts in this circuit have adopted the standard under 28 U.S.C. § 1292(b) for interlocutory appeals from district court orders: (1) a controlling issue of law must be involved; (2) the question must be one where there is substantial ground for difference of opinion; and (3) an immediate appeal must materially advance the ultimate termination of the litigation. *Id.* at 1177; *see also In re Hallwood Energy, L.P.*, No. 3:12-CV-1902-G, 2013 WL 524418, at *1 (N.D. Tex. Feb. 11, 2013); *Powers v. Montgomery*, No. 3:97-CV-1736-P, 1998 WL 159944, *2 (N.D. Tex. Apr. 1, 1998). Many district courts conclude that "[b]ecause interlocutory appeals interfere with the overriding goal of the bankruptcy system, expeditious resolution of pressing economic difficulties, they are not favored." *Smith v. AET Inc., Ltd.*, 2007 WL 1644060, at *5 (S.D. Tex. June 4, 2007).

Leave to appeal is not warranted on these facts. The Committee does not assert that there is any controlling issue of law, only disputed factual issues as to whether the bankruptcy court abused its discretion in concluding that Ms. Freeman's limited involvement in the Chapter 11 case caused no prejudice to the Committee. The court also agrees with Sorrento's contention that permitting an interlocutory appeal would not materially advance the ultimate termination of litigation relating to this case. (*See* Docket Entry No. 9). No litigation is currently pending, the bankruptcy court confirmed Sorrento's Chapter 11 plan, and the bankruptcy court approved Latham's fees. (*See* Docket Entry No. 14). The requirements for leave to appeal are not met.

Even assuming that this court has jurisdiction over the appeal from the bankruptcy court's order denying the Committee's motion for discovery under Rule 2004, the bankruptcy court acted in its sound discretion in denying the motion. "Rule 2004 affords both debtors and creditors the broad rights of examination of a third-party's records. ... [but] its scope is not limitless." *Snyder v. Society Bank*, 181 B.R. 40, 41-42 (S.D. Tex. 1994). "The party seeking a Rule 2004 examination

bears the burden of showing 'good cause' for the examination." *In re Lee*, No. BAP HI-20-1250-GBS, 2021 WL 2283910, at *4 (B.A.P. 9th Cir. June 3, 2021). "Good cause is established if the Rule 2004 examination is necessary to establish the movant's claim or if denial would cause the movant undue hardship or injustice." *Id.*

"Matters within a bankruptcy judge's discretion," such as a decision on a Rule 2004 motion, "are reviewed for an abuse of discretion." *In re Benford*, No. BANK ADV 08-3004, 2008 WL 1821520, at *2 (S.D. Tex. Apr. 22, 2008); *see also Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 261 (5th Cir. 2011) ("A court's decision to limit discovery is reviewed for abuse of discretion."). "A bankruptcy court abuses its discretion when it '(1) applies an improper legal standard or follows improper procedures . . ., or (2) rests its decision on findings of fact that are clearly erroneous.'" *Id.* (quoting *In re Cahill,* 428 F.3d 536, 539 (5th Cir. 2005)).

The bankruptcy court started with the proposition that "[t]he road to a [Rule] 2004 [examination] is not unlimited." (Docket Entry No. 6 at 268:10). The court then found that Ms. Freeman's records showed only "an hour worth of work" in the underlying Chapter 11 cases, an amount of work that was not significant considering the case as a whole and would not affect confirmation of the Chapter 11 plan. (*See* Docket Entry No. 6-2 at 262:8-13). The court also pointed to the fact that Ms. Freeman was never officially retained and was only "consulted" as an indication that her involvement was so minimal as not to cause the Committee any prejudice. (*Id.* at 238:14-24). The bankruptcy court also found that the Committee was unable to identify a single concrete example of a ruling by Judge Jones that caused prejudice. (*Id.* at 237:15-25, 242:11-13). Instead, the court found that the Committee had "wins" throughout the case and was able to obtain orders in its favor "signed the same day" by Judge Jones. (*Id.* at 267:7-13). In light of the ongoing pending investigations of Judge Jones's conflicts in other, unrelated matters, the bankruptcy court

found that there was no cause to permit additional probing into those issues in a case in which there was no evidence of prejudice. (*Id.* at 262:5-13). The bankruptcy court stated that it "[didn't] see the need for a [Rule] 2004 exam today." (*Id.* at 268:16-17).

"If the lower court's account of the evidence is plausible in light of the record viewed in its entirety, the reviewing court may not reverse it even though convinced that had it been sitting as a trier of fact, it would have weighed the evidence differently." *Stanley v. U.S. Bank, N.A.*, 2008 WL 8866400, at *1 (S.D. Tex. Sept. 22, 2008) (citing *Webb v. Reserve Life Insurance Company*, 954 F.2d 1102, 1103–04 (5th Cir. 2002)). The record on appeal shows no evidence of actual prejudice to the Committee resulting from Ms. Freeman's involvement in the case while Judge Jones presided over it. The bankruptcy court did not abuse its discretion in finding that the Committee did not meet its burden to show good cause to permit the Rule 2004 discovery and in denying its motion to conduct such discovery.

## III. Conclusion

This court lacks jurisdiction to decide the Committee's motion and, alternatively, finds no basis to do so. The Committee's appeal is dismissed.

SIGNED on March 27, 2025, at Houston, Texas.

Lee H. Rosenthal
Senior United States District Judge